108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul GONZALES-HUERTA, Defendant-Appellant.
 No. 96-50307.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1997.*
Decided Feb. 12, 1997.
 
 1
 Before: BOOCHEVER, KOZINSKI, NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Raul Gonzales-Huerta appeals his conviction for alien smuggling in violation of 8 U.S.C. § 1324. We affirm.
 
 
 4
 Gonzales-Huerta argues that his indictment should have been dismissed on the grounds that it is "bad faith" for the government to deport an illegal alien when the government has imputed knowledge that the alien has exculpatory evidence in a pending criminal case.
 
 
 5
 Whether an indictment should be dismissed because the government failed to retain a witness is reviewed de novo. The lower court's findings of fact with regard to a motion to dismiss on that ground are reviewed for clear error. United States v. Armenta, 69 F.3d 304, 306 (9th Cir.1995); United States v. Velarde-Gavarrete, 975 F.2d 672, 674 (9th Cir.1992), cert. denied, 509 U.S. 910, 113 S.Ct. 3010 (1993).
 
 
 6
 Gonzales-Huerta bases his interpretation of the law in large part on language contained in footnote 7 of United States v. Dring, 930 F.2d 687:
 
 
 7
 Youngblood and its predecessor access cases involved the loss of potentially exculpatory evidence. Thus, the question of bad faith was essential to the Court's inquiry. Youngblood, 488 U.S. at 57, 109 S.Ct. at 337. By way of contrast, in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Government failed to disclose evidence which it knew to be exculpatory. Thus, the question of bad faith was irrelevant. Brady, 373 U.S. at 87, 83 S.Ct. at 1196. Id. at 693 n. 7.
 
 
 8
 According to Gonzales-Huerta, this language means that where the government knows of exculpatory evidence, its bad faith is irrelevant in determining whether the government's loss of the exculpatory evidence violates the defendant's constitutional rights.
 
 
 9
 Although Gonzales-Huerta's interpretation of footnote 7 might have been plausible, it was rejected by this court in United States v. Armenta, 69 F.3d 304, 307 n. 1 (9th Cir.1995) ("Although [AUSA] Gallo's failure to respond to the Office of International Affairs' inquiry may have been negligent, we hold that a negligent failure to ensure a percipient witness' presence does not amount to a finding of bad faith.") See United States v. Velarde-Gavarrete, 975 F.2d 672, 675 (9th Cir.1992). Under Armenta, negligent conduct by the government does not satisfy the bad faith requirement of the Dring test.
 
 
 10
 Gonzales-Huerta's argument that the bad faith requirement is met anytime the government deports a witness with potentially exculpatory evidence runs contrary to the common understanding of "bad faith" and would make such a requirement meaningless. See Black's Law Dictionary 127 (5th ed. 1979).
 
 
 11
 In any event, the government agreed to stipulate at trial that Martha Ramona Medina-Corona, the deported witness, had stated that the defendant "was not an alien smuggler." This willingness to stipulate as to her exculpatory testimony rendered any possible error harmless as there is no "reasonable likelihood that the [oral] testimony could have affected the judgment of the trier of fact." United States v. Valenzuela-Bernal, 458 U.S. 858, 874 (1982).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3